## HATCH v. GILMORE.

In the absence of evidence to the contrary, an endorsement will be presumed to have been made at the place where the note was executed.

An action against the endorsers of a promissory note made and endorsed in another State, is prescribed by five years from the date of the note, under arts. 3505, 3506 of the Civil Code, though the endorser resided for a part of the time in the State where the note was made. The rule *Contra non valentem, &c.* is inapplicable to such a case.

─────────

* This schedule distributed the fund *pro ratâ*.

A PPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
Mount, for the appellant. Art. 3506 of the Civil Code declares that the
prescription established by art. 3505 shall run *against* minors, &c.; it does not
provide that it shall run *in their favor*. The prescription of five years does not
run in favor of an absentee. See *Guillet* v. *Erwin*, 7 La. 580. 12 Martin,
76. *Ker* v. *Erwin*, 4 La. 217. *Garland* v. *Holmes*, 1 Ann. 404. Such is the
law in other States. In *Ruggles* v. *Keeler*, 3 Johns. R. 264, C. J. Kent says:
" If the cause of action arise out of the State, it is sufficient to save the statute
from running in the favor of the party to be charged until he comes within
our jurisdiction." So in *Halsey* v. *Beech*, 1 Pen. N. J. Rep. 122. So in
*Dwight & Clark*, 7 Mass. 516. *Sneed* v. *Hall*, 2. Marsh. Ky. R. 21. So
where a debtor at the time the cause of action accrued, was residing out
of the State, subsequent temporary visits in the State, without the knowl-
edge of plaintiff, is not sufficient, &c. 2 U. S. Dig. p. 363, sec. 330.
*Crosby* v. *Wyatt*, 10 Shepley, 156. 'Same Dig. sec. 331. 12 New Hamp.
271. Ib. sec. 334. *Hill* v. *Bellows*, 15 Verm. 927. 5 How. Miss. R. 258.
3 Pike, Ark. 409. 7 Mo. 241. Ib. 473. 8 Mo. 233. 5 How. R. 266.
*White* v. *Briley*, 3 Mass, R. 273. *Wilson* v. *Appleton*, 17 Mass. R. 181.
*Hall* v. *Little*, 14 Mass. 203. 11 Wheaton, 331. 6 Wheat. 541. 2 Stark.
Ev. 901, note 2.

*Edwards* and *Hayes*, on the same side.

*Peirce*, for the defendant.

The judgment of the court was pronounced by

SLIDELL, J. The defendant is sued as the endorser of a promissory note,
dated at Vicksburg, Mississippi, May 2, 1835, payable at twenty-four months
after date. The case turns upon a plea of prescription; and the facts pertinent
to the plea are, that, at the maturity of the note, May 5, 1837, the defendant
resided in Vicksburg: and that he continued to reside there until the 4th Octo-
ber, 1842, at which date he came, for the first time, to Louisiana, where he
has since lived. In the absence of evidence to the contrary, it is to be pre-
sumed that the defendant endorsed the note in Mississippi. The citation was
served on the 22d December, 1846.

In avoidance of the plea of prescription the plaintiff relies upon the maxim,
" *Contra non valentem agere, nulla currit prescriptio.*" The applicability of
this rule, under the circumstances of this case, is the only point which requires
our attention. This maxim, which has been lauded by some jurists, has been
found fault with by others as opening a door to abuse, by reason of its vague-
ness and generality. It is not our purpose, on the present occasion, to attempt
to lay down any rules for its application, except so far as is indispensable for the
case before us. To do so would be a task not free from difficulty, and it is
better to leave various cases as they arise to be considered upon their proper
merits.

Express legislation has provided various terms of prescription adapted to the
various transactions and interests of individuals, and has, in many cases, ex-
pressly declared exceptions to the application of the general limitations of ac-
tion so established. The exception contained in the maxim under considera-
tion, so far at least as the class of contracts now in question is concerned, rests
not upon the Code, but upon jurisprudence. From these considerations it
seems to us a just conclusion, that, if the exception *Contra non valentem* is to be
applied to cases where the Code has declared no exception, it should be done
with caution, and only where the manifest spirit and intention of the express
laws is not violated.

Now it is declared, in general and unqualified terms, by article 3505, that :
." Actions on bills of exchange, notes payable to order or bearer, except bank
notes, those on all effects negotiable or transferable by endorsement or delive-

HATCH
v.
GILMORE.

HATCH
v.
GILMORE.

ry, are prescribed by five years, reckoning from the day when these engage-ments were. payable." Then follows an article indicating the policy of the lawgiver, and his intention that the rule should be stringently enforced: " The prescription mentioned in the preceding article, and those described in para-graphs 1 and 2, runs against minors and interdicted persons, reserving to them their recourse against their tutors or curators. They run also against persons residing out of the State." Here the law expressly forbids an exception to be made even in favor of minors, the class, of all persons, which the law is most disposed to favor and protect. *Fragile et infirmum ejusmodi ætatum consilium.* They are presumed not to understand their rights, and not to be capable of taking notice of the rules of law, so as to be able to apply them to their advan-tage. Hence it is that the Code abounds with exceptions in favor of minors; and when we find *them* expressly bound, in this particular case, by the prescrip-tion of five years, it seems to us we should be doing violence to the spirit of the written law, to let in an exception resting merely in jurisprudence. See also *Tyson v. McGill,* 15 La. 146.

In the views we have expressed we have taken it for granted, for the pur-pose of argument, that the maxim, *Contra non valentem, &c.* would apply to the case before us, were the contract not of the class comprehended by articles 3505 and 3506. We do not wish, however, to be considered as expressing an opinion upon that point, as it is not necessary now to do so.

*Judgment affirmed.*